IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Mark Mixson, | ) C/A No. 2:11-1468-MBS-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Judge Linda Lombard; Sheriff Al Cannon Detention Center; Charleston County, | ) |
| Defendants. | ) |

Plaintiff, Daniel Mark Mixson, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a local pretrial detainee and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff's Complaint in this case (ECF No. 1), filed on June 15, 2011, names Judge Linda Lombard, Sheriff Al Cannon Detention Center, and Charleston County as Defendants. Plaintiff alleges that Defendants violated his due process rights and subjected Plaintiff to "false imprisonment, false charges, false arrest, [and] excessive bail/bond." (ECF No. 1 at 1-2.) Plaintiff alleges that he was arrested on August 14, 2008 on fabricated charges of burglary and criminal domestic violence, which were dismissed on April 2, 2011, and that "on 8-14-2008 Judge Linda Lombard gave me a ten thousand (10,000) bond for criminal domestic violence second; C.D.V. 2nd carri[e]s a maximum bond of five thousand (5,000) excessive bail/bond." (Id. at 3.) Plaintiff alleges that he filed speedy trial motions

in May 2008 and September 2008 which were ignored.  He alleges that, "on 12/24/2009 [he was] forced to bond out due to cruel and unusual punishment, [and] inconsistenc[ie]s of due process of law."  (Id.)  Plaintiff alleges that he was arrested again, on April 8, 2010, on two burglary charges and that he was denied notice of the charges and his bond amounts and was denied a court hearing.  Plaintiff also alleges that, in October 2010, he received a letter from his appointed attorney advising that his burglary charges were changed to receiving stolen goods charges.  Plaintiff alleges that his bond remained excessive, that he was subjected to "excessive fines and cruel and unusual punishment due process denied bond reduction denied, on 02-09-2011 charges dismissed."  (Id.)  Plaintiff alleges that "on 4-21-2011 I was arrested and charged with burglary 1st I have been denied a bond to date; 6-13-2011."  (Id. at 3-4.)  Finally, Plaintiff alleges that "all county and state inmates in Sheriff Al Cannon Detention center are being denied:  A. a law library B. law books C. Black's law Dictionary D. Library as for the preparation inspection and research for my/their defen[s]e."  (Id. at 4.)[1]

## INITIAL REVIEW GENERALLY

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  The *in forma pauperis* statute authorizes the District Court to dismiss

---

[1] The Fourth Circuit has held that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others."  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a prisoner proceeding *pro se* cannot represent other prisoners in a class action).  See Hummer v. Dalton, 657 F.2d 621, 623 n.2, 625-26 (4th Cir. 1981) (suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners").  Thus, to the extent that Plaintiff's Complaint attempts to state a claim on behalf of other pretrial detainees or inmates in Sheriff Al Cannon Detention Center, he cannot do so.



a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Plaintiff is barred by the doctrine of absolute judicial immunity from bringing an action seeking an award of monetary damages against Defendant Judge Linda Lombard.[2] The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); Siegert v. Gilley, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478 (1991)

---

[2] Although Plaintiff does not identify her as such in his Complaint, the court takes judicial notice that Judge Lombard is a judge of the Charleston County Magistrate's Court. See http://www.judicial.state.sc.us/ (last visited June 30, 2011). See In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).



(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"); Stump v. Sparkman, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Pressly v. Gregory, 831 F.2d 514 (4th Cir. 1987) (holding in a § 1983 civil action against a state magistrate, that "[a]s judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity"). The alleged misconduct by Defendant Judge Lombard in setting a bond for Plaintiff would have been undertaken as part of her normal judicial functions as a magistrate judge. Thus, Defendant Judge Lombard's alleged illegal actions were not taken in the clear absence of all jurisdiction and were performed as part of her normal judicial duties. Defendant Judge Lombard should be summarily dismissed from this case based on her absolute judicial immunity.

In Plaintiff's Complaint, he asks for "declamatory judgement [sic] that bail was excessive award damages of $10,000.00 per day. $1,000.00 per day for punitive damages. Due to charges were dismissed; due to false charges false arrest mistakes made award damages of $500.00 a day for false imprisonment." (ECF No. 1 at 5.) Judicial immunity and quasi-judicial immunity do not extend to actions seeking declaratory relief. See Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 735-37 (1980). However, "district courts have great latitude in determining

whether to assert jurisdiction over declaratory judgment actions." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998).

However, the declaratory judgment sought here by Plaintiff is not declaratory relief in the true legal sense (see Fed. R. Civ. P. 57, 28 U.S.C. § 2201) and Plaintiff's Complaint is not an appropriate pleading which states the type of "case of actual controversy" required to invoke the jurisdiction of this court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a). "Declaratory judgments . . . are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." Johnson v. McCuskey, 72 Fed. Appx. 475, 477 (7th Cir. 2003) (citing Bontkowski v. Smith, 305 F.3d 757, 761 (7th Cir. 2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed. 1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." Id. (citing Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1553-54 (Fed. Cir. 1994) (*en banc*) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act")). Plaintiff is not entitled to the declaratory relief that he seeks in the instant Complaint because he does not ask the court to define the parties' rights in the future, he seeks merely a declaration from the court that Defendant Judge Lombard violated his rights in the past. See Stokes v. Moorman, C/A No. 6:09-1376-HFF-WMC, 2010 WL 3862568 at *5 (D.S.C. Aug. 17, 2010); Abebe v. Richland County, C/A No. 2:09-02469-MBS-RSC, 2009 WL 6582396 at *4 (D.S.C. Oct. 8, 2009) (plaintiff's request for declaratory judgment "misses the mark" when he asks the court for declarations that the acts and omissions described in the complaint violated his

rights under the constitution). Consequently, Plaintiff's Complaint, insofar as it seeks a "declamatory judgement [sic] that bail was excessive," does not state a plausible claim for declaratory judgment and does not confer federal jurisdiction over any claim that does not otherwise fall within the subject matter jurisdiction of the federal court. See Beltran v. Brownell, 121 F. Supp. 835, 836 (S.D. Cal. 1954); Mason & Dixon Lines, Inc. v. Eagerton, 555 F. Supp. 434, 436 (M.D. Ala. 1982).

Consequently, as to Defendant Judge Linda Lombard, the Complaint should be summarily dismissed because it fails to state a claim on which relief may be granted by this Court and because it seeks monetary relief against a defendant who is immune from such relief.

A claim for relief under § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." Several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not

amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Plaintiff's Complaint, insofar as it names "Sheriff Al Cannon Detention Center " as a defendant in this case, does not name a "person" subject to a § 1983 claim. The "Sheriff Al Cannon Detention Center" is not a proper defendant upon whom the United States Marshals Service could effect service of process, and against whom relief could be granted by this court.[3]

Consequently, as to Defendant Al Cannon Detention Center, the Complaint should be summarily dismissed because Defendant Al Cannon Detention Center is not a "person" under § 1983 and therefore not amenable to suit. The Complaint is frivolous and fails to state a claim on which relief may be granted by this court.

As to Defendant Charleston County, under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978), a municipality or other local government entity[4] may be liable under

---

[3] Moreover, regarding Plaintiff's claims that he is being denied access to a law library and law books while in Sheriff Al Cannon Detention Center, the Fourth Circuit Court of Appeals has held that local jails such as Sheriff Al Cannon Detention Center, which are designed for temporary detention, are generally not required to have a law library. Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987). The Fourth Circuit further held in Magee that a lack of access to courts claim should be dismissed if the plaintiff fails to allege a specific problem he wishes to research and further fails to show actual harm/specific injury. Id.

[4] See Wolf v. Fauquier Cnty. Bd. of Supervisors, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 [but] only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'") (citing Monell, 436 U.S. at 694). In South Carolina, however, a sheriff's department is an agency of the state, not a department under the control of the county, and "a federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by [the] state['s Eleventh Amendment] immunity." Stewart v. Beaufort Cnty., 481 F. Supp.2d. 483, 492 (D.S.C. 2007).



§ 1983 for the violation of a plaintiff's constitutional rights, but "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" See Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997) (quoting Monell, 436 U.S. at 694); Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984). "The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent an official policy or custom which results in illegal action." Monell, 436 U.S. at 694; Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy, or custom that caused the plaintiff's injury.

In the instant case, Plaintiff's Complaint makes factual allegations that he was falsely arrested, falsely imprisoned, subjected to an excessive bond, and denied due process of law. However, Plaintiff's Complaint makes no factual allegations that these alleged wrongful actions were done in furtherance of any policy, custom, or practice of Charleston County, its agencies, or officials. Plaintiff's Complaint does not allege that Charleston County maintained a policy or custom that its law enforcement officers, detention center staff, or magistrate court officials should make or permit false criminal charges against Plaintiff or other persons, or set an excessive bond for Plaintiff or for other persons charged with criminal offenses. Nor does Plaintiff's Complaint allege that Charleston County would or actually did condone such alleged conduct by its employees or officials, or that, Charleston County, having knowledge of such alleged actions against Plaintiff, was deliberately indifferent to the alleged violations of Plaintiff's rights. There is



also no allegation by Plaintiff that Charleston County negligently hired, trained, supervised, or disciplined its employees or officials in such a manner as to show deliberate indifference to the rights of Plaintiff or to other persons with whom its employees or officials came into contact.

Assuming that the facts alleged in the Complaint are true, Plaintiff makes no specific factual allegations that the Charleston County maintained a policy or custom that resulted in the alleged violation of Plaintiff's civil rights or that it was aware of the alleged illegal actions against Plaintiff and was deliberately indifferent to those alleged actions.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully."  Id.  It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief.  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 557).  At most, Plaintiff's Complaint merely attributes, in purely conclusory fashion, the alleged wrongful actions of named and unnamed individuals to the County of Charleston.  The Court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); see also Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009) (citing Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999)).

Consequently, as to Defendant Charleston County, the Complaint should be summarily dismissed because Plaintiff's allegations fail to state a plausible Monell claim for which relief may be granted by this court.

### RECOMMENDATION

Accordingly, the court recommends that Plaintiff's Complaint in this matter be summarily dismissed without issuance and service of process.  See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201 (4th Cir. 1993); Todd v. Baskerville, 712 F.2d 70. (4th Cir. 1983); see also 28 U.S.C. § 1915(e)(2)(B).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 12, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).