IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Daniel Mark Mixson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:11-1468-SB |
| ) | |
| Judge Linda Lombard, ) | **ORDER** |
| Sheriff Al Cannon Detention Center; ) | |
| Charleston County, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon the Plaintiff's pro se complaint, which was filed pursuant to 42 U.S.C. § 1983. The record contains the report and recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d). In the R&R, Magistrate Judge Gossett recommends that the Court summarily dismiss the Plaintiff's complaint without issuance and service of process. The Plaintiff filed a response to the R&R, which was docketed as both a motion to amend and written objections. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to an R&R within fourteen days after being served with a copy of that report).

## BACKGROUND



The Plaintiff filed this action against Defendants Judge Linda Lombard, the Sheriff Al Cannon Detention Center, and Charleston County on June 15, 2011, pursuant to 42 U.S.C. § 1983. In his complaint, the Plaintiff alleges that the Defendants violated his due process rights and subjected him to "false imprisonment, false charges, false arrest, [and]

excessive bail/bond." (Entry 1 at 2.) According to the complaint, the Plaintiff was arrested on August 14, 2008, on "fabricated" charges of burglary and criminal domestic violence, which were dismissed on February 9, 2011. The Plaintiff claims that when he was arrested, Judge Linda Lombard gave him a $10,000 bond for "criminal domestic violence second," which the Plaintiff alleges carries a maximum bond of $5,000. (Id. at 3.) The Plaintiff also claims that he filed motions for a speedy trial on September 25, 2008, and May 1, 2008, but that these motions were ignored. The Plaintiff states that on December 24, 2009, he was "forced to bond out due to cruel and unusual punishment, [and] inconsistec[ie]s of due process of law." (Id.)

Next, the Plaintiff alleges that he was arrested again on April 8, 2010, and was charged with two false counts of first degree burglary. The Plaintiff asserts he was denied notice of these charges and did not attend the court proceeding. According to the complaint, the Plaintiff received a letter from his attorney in October of 2010, and the letter stated that the first degree burglary charges were changed to receiving stolen goods. The Plaintiff contends that his bond remained excessive, that he was subject to cruel and unusual punishment, and that he has been denied a bond reduction. Lastly, the Plaintiff contends that "all county and state inmates in Sheriff Al Cannon Detention Center are being denied: (a) a law library; (b) law books; (c) Blacks Law Dictionary; and (d) library–as in for the preparation, inspection, and research for my/their defen[s]e." (Id. at 4.)

## STANDARD OF REVIEW

I.  **The Magistrate Judge's R&R**

The Court is charged with conducting a de novo review of any portion of the R&R

to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in the report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

## DISCUSSION

In the R&R, the Magistrate Judge first determined that the doctrine of absolute judicial immunity bars the Plaintiff's claims against Judge Linda Lombard because her alleged incorrect setting of the Plaintiff's bond was undertaken as a normal judicial function of her role as a magistrate judge and did not occur in the clear absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (stating that judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); Stump v. Sparkman, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Pressly v. Gregory, 831 F.2d 514 (4th Cir. 1987) (holding in a 1983 civil action against a state magistrate that "[a]s judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity").



Next, the Magistrate Judge determined that the Plaintiff's request for a declaratory judgment that his bond was excessive fails to state a proper claim for declaratory relief sufficient to confer federal jurisdiction. Stated simply, the Magistrate Judge determined that because the Plaintiff is seeking a declaration that the allegedly excessive bond violated his rights—as opposed to a declaration to define the parties' rights in the future—the Plaintiff's request failed to state a plausible claim for declaratory relief. Johnson v. McCuskey, 72 Fed. Appx. 475, 477 (7th Cir. 2003) (citing Bontkowski v. Smith, 305 F.3d

3

757, 761 (7th Cir. 2002) ("Declaratory judgments . . . are meant to define the rights and obligations of the parties in anticipation of future conduct."); see also Fed. R. Civ. P. 57, 28 U.S.C. § 2201.

With respect to the Plaintiff's claim against the Detention Center, the Magistrate Judge noted that for purposes of section 1983, the Detention Center does not qualify as a "person" subject to suit. Next, however, with respect to Defendant Charleston County, the Magistrate Judge noted that under Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978), a municipality or other local governmental entity may be liable pursuant to section 1983 for the violation of a plaintiff's constitutional rights but "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.' " Nevertheless, because the Plaintiff's complaint does not allege that the complained-of conduct occurred as a result of an official policy, custom, or practice of Charleston County, its agencies, or its officials, the Magistrate Judge determined that the Plaintiff failed to state a claim against Defendant Charleston County.



In his objections to the R&R, the Plaintiff simply reiterates the facts and asserts that he has stated a claim for relief. With respect to Judge Lombard's alleged actions, the Plaintiff states: "Judge Linda Lombard is a Magistrate Judge employed by Chas. Co. and due to her absolute immunity Mr. Mixson seeks relief through/by Charleston County and City of Charleston due to false arrest, false imprisonment, and excessive bail/bond." (Entry 14 at 1.) In addition, the Plaintiff states: " Officer Burke is employed by the City of Chas. and has falsely accused Mr. Mixson in the past and Mr. Detective Keller went along with such." (Entry 14 at 2.) As the Magistrate Judge noted in the R&R, "[t]he doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer of

4

supervisor is not liable for acts of employees, absent an official policy or custom which results in illegal action." Monell, 436 U.S. at 694. Here, although the Plaintiff asserts in a conclusory fashion that Charleston County negligently hires, trains, and supervises its employees, the Plaintiff simply alleges no facts to demonstrate a custom or policy of Charleston County. Stated differently, the Plaintiff alleges no facts to state a "plausible" claim for relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Dolgaleva v. Virginia Beach City Public Schools, 364 Fed. App'x 820, 827 (4th Cir. 2010), quoting Atherton v. Dist. of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009), (noting that pro se complaints "must be held to less stringent standards than formal pleadings" but that "even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct'").

In conclusion, the Court has thoroughly reviewed the Plaintiff's complaint, the Magistrate Judge's R&R, and the Plaintiff's objections, and the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Moreover, the Court finds that the Plaintiff's written objections fail to point to any legal or factual error in the R&R sufficient to alter the Magistrate Judge's recommendation. Accordingly, the Court adopts the R&R in whole and incorporates in into this Order, and the Court overrules the Plaintiff's objections.



## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 9) is adopted and incorporated herein; the Plaintiff's

5

objections (Entry 13) are overruled; and the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

January 13, 2012
Charleston, South Carolina

